AO 241
(Rev. 01/15)

FILED

Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2022 MAR 17 PM 2: 43

| United States District Court | District (Middle), Orlando, Florida |
|---|---|
| Name (under which you were convicted): RICHARD D. COGER | Docket or Case No.: 6:22-CV-562-GKS-LHP |
| Place of Confinement: Madison Correctional Institution, 382 S.W. MCI Way, Madison, Florida 32340-4430 | Prisoner No.: 923425 |
| Petitioner (include the name under which you were convicted) RICHARD D. COGER | Respondent (authorized person having custody of petitioner) v. RICKY DIXON SEC'Y. DEP'T. CORR. |
| The Attorney General of the State of: | |

**PETITION**

Provided to Madison C.I. on
3-11-22 for mailing by ~~RDC~~
Date                    Initials Cga

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

Ninth Judicial Circuit Court/Orange County, Florida.
425 N. Orange Ave., Ste. 410
Orlando, Florida 32801

(b) Criminal docket or case number (if you know):   2015-CF-8025

2.   (a) Date of the judgment of conviction (if you know):   May 5, 2016

(b) Date of sentencing:   May 5, 2016

3.   Length of sentence:   15-Yrs., 5-Yrs., 60-days

4.   In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes    ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case:   Count One - Burglary of a Dwelling (15 years), Count Two - Petit Theft (Two Prior Theft Convictions) (5 years), Count Three - Criminal Mischief (60 days)

6.   (a) What was your plea? (Check one)

☑ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

☐ (2)   Guilty              ☐ (4)   Insanity plea

AO 241
(Rev. 01/15)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   _N/A_

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:   _Fifth District Court of Appeal (Florida)_

(b) Docket or case number (if you know):   _5D16-1911_

(c) Result:   _Per Curiam Affirmed_

(d) Date of result (if you know):   _Mandate issued July 14, 2017_

(e) Citation to the case (if you know):   _Coger v. State, 227 So. 3d 597 (Fla. 5th DCA)_

(f) Grounds raised:   _Appellate Counsel filed an Anders Brief._

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court:   _N/A_

(2) Docket or case number (if you know):   _N/A_

(3) Result:   _N/A_

(4) Date of result (if you know):   _N/A_

AO 241
(Rev. 01/15)

Page 4

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Ninth Judicial Circuit Court.

(2) Docket or case number (if you know): 2015-CF-8025

(3) Date of filing (if you know): August 20, 2018.

(4) Nature of the proceeding: Motion for Post Conviction Relief

(5) Grounds raised: Ineffective Counsel, for the following claims: Counsel failed to object to amended information; Counsel failed to object to discovery violation; Counsel failed to file notice of alibi call witnesses; Counsel denied defendant constitutional right to speedy trial; Counsel failed to object to double jeopardy; Counsel failed to object to PRR sanction; Counsel denied defendant the right to a bench trial

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☑ Yes    ☐ No

(7) Result: Denied

(8) Date of result (if you know): August 17, 2020

AO 241
(Rev. 01/15)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:   Ninth Judicial Circuit Court

(2) Docket or case number (if you know):   2015-CF-8025

(3) Date of filing (if you know):   ~~February~~ ~~September 26, 2017~~ 4/29/2019

(4) Nature of the proceeding:   Amended Motion for Post Conviction Relief

(5) Grounds raised:   Same as provided above.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes    ☐ No

(7) Result:   Denied - Per Curiam Affirmed

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:   Fith District Court of Appeal

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:   Belated Appeal on all issues above.

(5) Grounds raised:   Trial Court Erred and Abused its Discretion Denying Ground Two that Counsel Failed to Object to Discovery violation; Trial Court Erred Denying Ground Three that counsel failed to file notice of alibi and call supporting witness

AO 241
(Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☒ Yes    ☐ No

(2) Second petition:    ☒ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____N/A_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**  Counsel ineffective in failling to object to discovery Violation.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In ground two of Petitioner's amended postconviction motion, he claimed that counsel was ineffect for failling to object to photo evidence presented by the state which inaccurately depict the crime scene and that had not been previously disclosed to the defense. Had counsel object, the photos would not have been permitted and the jury would not have been mislead to believe the structure was in fact a dwelling where the true fact is (see additional page)

(b) If you did not exhaust your state remedies on Ground One, explain why:    N/A

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   In the State of Florida, less a manifest injustice, most ineffective assistance of counsel claims are not cognizable on direct Appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Postconviction, R. 3.850

Name and location of the court where the motion or petition was filed:   9th Judicial Circuit, Orange County, Florida.

Docket or case number (if you know):   2015 - CF - 8025 - A - 0

Date of the court's decision:   August 17, 2020

Result (attach a copy of the court's opinion or order, if available):   All grounds were denied. (See Exibit - B)

(3) Did you receive a hearing on your motion or petition?     ☑ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   5th District Court of Appeal. State of Florida

Docket or case number (if you know):   5DCA - 20 - 2700

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):   Per Curiam Affirmed. See Exibit - C

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 01/15)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _N/A_

**GROUND TWO:** _Counsel failed to file notice of alibi and calling supporting witness._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel is ineffective for failing to file a notice of alibi and then calling such witnesses to support Petitioner's alibi. Petitioner advised counsel that there was a witness that would support his defense that he did not commit the offense he was accused of. On the day of the offense, a witness at the scene gave a statement and testified at trial that she felt something hit the building and then seen (see pages for ground 2)

(b) If you did not exhaust your state remedies on Ground Two, explain why: In the State of Florida, less a manifest injustice, most claims of ineffective assistance of counsel are not cognizable on direct appeal.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: In the State of Florida, less a manifest injustice, most claims of ineffective Counsel claims are not cognizable on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  ☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction, R. 3-850

Name and location of the court where the motion or petition was filed: Ninth Judicial Circuit, Orange County, Florida.

Docket or case number (if you know): 15-CF-8025-A-O

Date of the court's decision: August 17, 2020

AO 241
(Rev. 01/15)

Page 9

Result (attach a copy of the court's opinion or order, if available): _Denied, See_
_exibit – B._

(3) Did you receive a hearing on your motion or petition?          ☑ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?      ☑ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Fifth District Court of_
_Appeal, State of Florida._

Docket or case number (if you know): _5DCA – 20 – 2700_

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):   _Per Curiam Affirmed_
_See Exibit – C._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N / A_

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _N / A_

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 01/15)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ❏  Yes    ❏  No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

           ❏  Yes    ❏  No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?    ❏  Yes    ❏  No

    (4) Did you appeal from the denial of your motion or petition?    ❏  Yes    ❏  No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏  Yes    ❏  No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐   Yes          ☐   No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes          ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241
(Rev. 01/15)

Page 12

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?          ☐ Yes          ☐ No

(4) Did you appeal from the denial of your motion or petition?          ☐ Yes          ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?          ☐ Yes          ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 13

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☐ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 14

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          ☐    Yes          ☐    No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          ☐    Yes          ☐    No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

Page 16

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _____

_____

_____

or any other relief to which petitioner may be entitled.

_____N/A   Pro Se_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on   3/11/2022   (month, date, year).

Executed (signed) on   3/11/2022   (date).

_____x Coger D. Richard_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

GROUND ONE
CONTINUED
Pg 1

that the structure at the time was severely
damaged as the result of a previous fire to
the structure. Thus, the structure was at the
time uninhabital and could not be deemed a
dwelling. Had the photos been disclosed to the
defense, counsel could have requested public
records from Code Enforcement of the City of
Orlando, Florida and produced photos of and
a record of the damage to the structure to
the jury to establish that the structure could
not bee defined by Florida Law as a dwelling.①
Because the structure could not be defined as a
matter of law as a dwelling, the State stealthly
went to the scene of the offense and obtained ✓
took pictures of different portions of the pro-
perty to create the illusion that the structure
was a dwelling. After which, the State with-
held those photos, only to produce the element of
suprise to the defense during trial, presenting
the photos to the jury - without the defense
having prior knowledge so as to provide the
jury with photos and records from the City
of Orlando's Code Enforcement, This act of the
State of Florida, denied the defendant his consti-
tutional right to a full discovery of evidence to
be used against him, which is inshrined in
the due process clause of the 5th and 14th amend-
ment of the United States Constitution.


① The Petitioner, after conviction obtained the record
and photos from the City of Orlando. See Ex.-A

CONTINUED
Pg. 2

Had counsel objected to the discovery violation,
a mistrial would have been warranted and a
new trial granted. However, counsel's failure to
object to the discovery violation, allowed the
state to present unrebutted evidence to the
jury of misrepresentation that the structure
was a dwelling when in fact it was not by
definition of Florida Law. Thus, counsel's per-
formance fell well below an objective standard of
reasonableness and has resulted in the defen-
dant being convicted of a crime in which he
can not be as a matter of law. Therefore, the
defendant stands convicted and illegally
detained in violation of constitutional laws,
and the State of Florida's Courts denial of
ground two in Petitioner's postconviction mo-
tion is contrary to constitutional law, in that
Petitioner has been denied the right to counsel
guaranteed under the 6th Amendment, amounting
to denial of due process and the right to a
fair trial, one with a reliable outcome, in
violation of the 6th. and 14th Amendment.
(See also, Strickland v. Washington, 466 U.S.
685; 104 S. Ct. 2052 (1984)).

CONTINUED
Pg. 1

who she believed to be the petitioner, take
an a/c and load it in the back of a truck.
It should be noted that this was a full size
central unit and not just a window unit.
The witness testified that Petitioner loaded
the unit on to the truck — by himself. The
Petitioner's witness would have testified to
the fact that on the day of the offense, she
and Petitioner left their home at the same
time, that the defendant did not leave in
a truck, rather left riding a bycycle going
the opposite direction of where the offense
was alleged to have been committed. This
testimony would have proved to be very val-
ueble, where the witness would have pro-
vide a time in which Petitioner left his
home, that he was not driving a truck as
was used to commit the offense according
to the State's witness. Because Petitioner was
not driving a truck, if he were the person
who committed the alleged offense, he would
have had to search out a truck to com-
mit the offense, go to the scene and act-
ually commit the offense, and take the
unit to the location it was later found,
and there return the truck to whom ever he
allegedly got it from. All of these events
would require periods of time. Again, Peti-
tioner's witness would have provided a time
that he left home and from that point, it
could have been determined that the Petitioner
would not have had the necessary time to
secure the use of a truck and be at the

CONTINUED
Pg. 2

scene of the alleged offense at the time it was alleged to have been committed. However, because counsel failed to file a notice of alibi and call the witness(es) to support Petitioner's alibi, there was not a timeline established for the jury to make factual findings. Counsel's unprofessional conduct has denied the Petitioner the right to compulsory process for obtaining witnesses in his favor, and ultimately the Petitioner was convicted and is illegally detained in violation of the United States Constitution of the right to Counsel, compulsory process, due process, and the right to a fair trial. U.S. Const. Amend. 6 and 14. (See also, Strickland v. Washington, 466 U.S. 685; 104 S. Ct. 2052 (1984)). Thus, the Courts of the State of Florida has made rulings, denying Petitioner's claims that are contrary to United States Constitution and/or U.S. Supreme Court Rulings.